250

## UNITED STATES ex rel. MARGOLIN v. SHANK.
### Civ. No. 2475.

United States District Court
D. Connecticut.
Nov. 30, 1948.

Goldstein & Peck, of Bridgeport, Conn., and Spiro & Levine, of Danbury, Conn. (Louis Halle, of New York City, on the brief), for petitioner.

Adrian W. Maher, U. S. Atty., of New Haven, Conn., John F. X. McGohey, U. S. Atty., of New York City (Irving H. Saypol, Chief Asst. U. S. Atty., of New York City, of counsel), for respondent.

HINCKS, Chief Judge.

This relator heretofore by petition filed October 11, 1948, sought a Writ of Habeas Corpus which was issued, and, after hearing, by Memorandum and Order dated as recently as October 26, 1948, D. C., 83 F. Supp. 247, it was ordered that the Writ be discharged and that the relator be remanded. The gist of the relator's contention at that time was that, although he had been ordered committed until his fine be paid, and although concededly his fine had not been paid, nonetheless because he had offered an assignment of all his property to the Government which had been refused his right to become qualified to take the poor convict's oath under 18 U.S.C.A. § 3569 had been withheld without warrant in law, and that consequently he was entitled to be released from further confinement. My order discharging the Writ was based on the view that the court was without authority itself to administer the poor convict's oath or even on a Writ of Habeas Corpus to order the release of a convict concededly having property, at least without a showing that the convict had been illegally deprived of a right to liquidate his property, to apply the proceeds on the fine, and thus to become qualified to take the poor convict's oath.

Apparently it was to meet this deficiency in the showing made on the earlier petition that the relator now alleges that he advertised that all his property would be sold at public sale at Bridgeport, Connecticut, on November 12, 1948, and that on November 9, 1948, an order of injunction was issued by the United States District Court for the Southern District of New York staying said sale.

I hold, however, that these bare recitals are inadequate to serve as a basis for the issue of a Writ. Even if it be that the effect of the judicial stay is for the period of its pendency to deprive the petitioner of a right to liquidate his property, to apply the proceeds on the fine and thus to qualify himself to take the poor convict's oath, it does not follow that the resulting situation requires relief through the extraordinary Writ of Habeas Corpus. Relief through that extraordinary Writ may not properly be invoked, I hold, before the plain and apparently wholly adequate remedy of appeal from the order of injunction has been exhausted.

It is accordingly ordered that the writ be not awarded.